## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

DAVID WATERS                                                                                           PLAINTIFF

v.                                           4:15CV00401-BRW-JJV

FAULKNER COUNTY SHERIFF'S OFFICE                                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I. INTRODUCTION**

David Waters ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) I conclude, after review of his Complaint, that he has failed to state any viable claims. Accordingly, this action should be dismissed without prejudice.

**II. SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.  ANALYSIS

Plaintiff alleges that an unnamed member of the Faulkner County Sheriff's Department gave the Social Security Administration ("SSA") false information, thereby causing them to discontinue his benefits. (Doc. No. 2 at 4.) Specifically, he alleges that Defendant told the SSA that he had been convicted of a crime when, in fact, he is still awaiting trial. (*Id.*)

Plaintiff has only sued the Faulkner County Sheriff's Office itself. Departments of local government, however, are not amenable to suit under section 1983. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992). This action should be dismissed on this basis alone.

The relief requested in the Complaint also convinces me that this action should not proceed. First, Plaintiff asks that whichever employee provided the allegedly false information to the SSA be fired. (Doc. No. 2 at 5.) Plaintiff has not named any employees of the Defendant as parties to this action, however. Moreover, I am unaware of any authority which would permit this Court to direct Defendant to undertake such specific, punitive personnel action.

Second, Plaintiff asks that all pending state charges against him be dropped. (*Id.*) This too is beyond this Court's authority to grant. And even if such relief were possible, I conclude that this Court would be compelled to abstain pursuant to the *Younger*[1] doctrine. A federal court should abstain from hearing constitutional claims where: (1) doing so would interfere with a state judicial proceeding that is ongoing; (2) the state proceeding implicates important state interests; and (3) the

---

[1] Derived from *Younger v. Harris*, 401 U.S. 37, 43-45 (1977).

claimant will have an adequate opportunity to raise his constitutional challenges at the state level. *See Cormack v. Settle-Beshears*, 474 F.3d 528, 532 (8th Cir. 2007). Plaintiff states that he is awaiting trial on various drug and weapon related charges. (Doc. No. 2 at 4.) Any decision affecting the validity or viability of these charges would obviously interfere with an ongoing judicial proceeding in which important state interests are implicated. Any constitutional claims related to these charges may be invoked at the state level.

Finally, Plaintiff asks for six million dollars in punitive damages. (*Id*. at 5.) Punitive damages are appropriate in a section 1983 action only where a "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The aforementioned unsuitability of the Defendant notwithstanding, Plaintiff has not raised any plausible allegations that anyone acted in accordance with the foregoing standard when they allegedly gave false information to the SSA regarding his conviction status.

For each of the foregoing reasons, I conclude that dismissal of this action is appropriate.

**IV.   CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.     Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 6th day of July, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE